UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE BREAKOUT GAMES LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. _____ |
| ) | |
| ) | |
| BREAKOUT PLAN, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**COMPLAINT**

Plaintiff The Breakout Games LLC, for its Complaint against defendant Breakout Plan, LLC ("Defendant"), hereby states as follows:

1. This is an action for infringement of Plaintiff's federally-registered BREAKOUT marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all arising from the Defendant's unauthorized use of the Defendant's BREAKOUT PLAN name and related branding in connection with the marketing, advertising, promotion, and sale of Defendant's roleplay escape game services.

2. Plaintiff seeks injunctive and monetary relief.

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b).

## VENUE

4. Venue is proper in this district under 28 U.S.C.§ 1391(b)(1) and (c)(2), in that Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5. Plaintiff is a limited liability company formed under the laws of Kentucky and has its principal place of business in Lexington, Kentucky.

6. Upon information and belief, Defendant is a limited liability company formed under the laws of Tennessee and does business in Hendersonville, Tennessee.

## FACTS

### Plaintiff and its BREAKOUT Marks

7. Plaintiff is the owner of valid and subsisting United States Service Mark Registration Nos. 4,855,275 and 4,855,278 on the Principal Register in the United States Patent and Trademark Office for the service mark BREAKOUT (hereinafter "BREAKOUT Marks") for the following services in International Class 041: "Conducting live entertainment in the nature of games featuring roleplay simulation; Entertainment services, namely, arranging and conducting of competitions for roleplay simulation; Organisation of games." Attached as Exhibit 1 are true and correct copies of the registration certificates for Plaintiff's BREAKOUT Marks, which were issued by the United States Patent and Trademark Office on November 17, 2015.

8. Plaintiff and its licensees have used the BREAKOUT Marks in commerce in the United States continuously since at least as early as April 8, 2015, in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of entertainment services in the form of roleplay escape games.

9. As a result of its widespread, continuous, and exclusive use of the BREAKOUT Marks to identify its roleplay escape game services, Plaintiff owns valid and subsisting federal statutory and common law rights to the BREAKOUT Marks.

10. Plaintiff's BREAKOUT Marks are distinctive to the consuming public.

11. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting its roleplay escape game services sold under the BREAKOUT Marks including through online and print advertising and social media.

12. As a result of Plaintiff's expenditures and efforts, the BREAKOUT Marks have come to signify the high quality of the roleplay escape game services designated by the BREAKOUT Marks, and the Marks have acquired distinction, reputation, and goodwill belonging exclusively to Plaintiff.

## Defendant's Unlawful Activities

13. Upon information and belief, Defendant promotes and sells roleplay escape game services that are similar to those of Plaintiff.

14. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its BREAKOUT

Marks, Defendant adopted and began using the BREAKOUT PLAN name (hereinafter, the "Infringing Mark") in US commerce to promote its similar roleplay escape game services.

15. The Infringing Mark adopted and used by Defendant is confusingly similar to Plaintiff's BREAKOUT Marks. The BREAKOUT term, present in both BREAKOUT Marks, is subsumed in Defendant's Infringing Mark.

16. Upon information and belief, Defendant has advertised, promoted, offer for sale, and sold its roleplay escape game services using the Infringing Mark in the Hendersonville, Tennessee, area and surrounding counties. Attached hereto as Exhibit 2 are true and correct copies of representative online advertisements showing Defendant's use of the Infringing Mark.

17. Upon information and belief, the roleplay escape game services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are highly similar or virtually identical to the Plaintiff's roleplay escape game services.

18. Upon information and belief, Defendant has marketed, advertised and promoted its roleplay escape game services under the Infringing Mark through marketing channels such as online advertising and social media that are similar to the marketing channels used by Plaintiff to market its services.

19. On or about November 19, 2015, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark.

4

Attached hereto as Exhibit 3 is a true and correct copy of Plaintiff's counsel's November 19 cease and desist letter to Defendant.

20. Although Defendant initially responded Plaintiff's counsel, further communications from Defendant ceased in February 2016.

21. Defendant's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's roleplay escape game services and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's roleplay escape game services originate from, are associated or affiliated with, or are otherwise authorized by Plaintiff.

22. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's BREAKOUT Marks, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's roleplay escape game services to the Defendant.

23. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public, for which Plaintiff has no adequate remedy at law.

## COUNT ONE
### (Federal Service Mark Infringement)

24. Plaintiff repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

25. Defendant's unauthorized use in commerce of the Infringing Mark as described herein is likely to cause confusion, mistake or deception and constitutes service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the BREAKOUT Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

27. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

28. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO
### (Federal Unfair Competition and False Designation of Origin)

29. Plaintiff repeats and realleges paragraphs 1 through 28 hereof, as if fully set forth herein.

30. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

31. Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

32. Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake, or deception as to the origin, source, sponsorship, or affiliation of the Defendant's roleplay escape game services.

33. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2. Granting an injunction preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities that receive actual notice of the Court's order by personal service or otherwise, from:

   a. providing, selling, marketing, advertising, or promoting services bearing the mark BREAKOUT PLAN name or any mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's BREAKOUT Marks;

   b. engaging in any activity that infringes Plaintiff's rights in its BREAKOUT Marks;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed,

8

sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the BREAKOUT PLAN name or any mark that infringes or is likely to be confused with Plaintiff's BREAKOUT Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

4. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the BREAKOUT PLAN name or any mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's BREAKOUT Marks and to immediately remove them from public access and view.

5. Directing that Defendant deliver up for destruction or other disposition all advertisements, promotions, signs, displays, and related materials incorporating or bearing the BREAKOUT PLAN name or any mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's BREAKOUT Marks.

6. Directing Defendant to formally abandon with prejudice any and all applications to register the BREAKOUT PLAN name as a mark or any mark consisting of, incorporating, or containing Plaintiff's BREAKOUT Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7. Directing Defendant to cancel with prejudice any and all of its registrations for the BREAKOUT PLAN name as a mark or any mark consisting of, incorporating, or containing Plaintiff's BREAKOUT Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

12. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

13. Awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,


*s/ Matthew C. Pietsch*               .
Matthew C. Pietsch
The Law Office of Matt Pietsch, PLLC
320 Seven Springs Way, Ste. 250
Brentwood, TN 37027
(615) 669-5888
matt@mplawtn.com

and

William L. Montague, Jr.
MONTAGUE LAW PLLC
163 East Main Street, Ste. 300
Lexington, KY 40507
(859) 303-5730
will.montague@wmlex.com
(*motion pending for admission pro hac vice*)

*Counsel for The Breakout Games LLC*